UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Syncere Rivera, #318979, *a/k/a Kenneth Rivera*, | C/A No.: 8:12-2218-JMC-JDA |
| Plaintiff, | |
| vs. | Report and Recommendation |
| Agency Director William B. Byars, Jr.; Sandra S. Bowie, Branch Chief Policy Development.; Warden Robert Stevenson, III, | |
| Defendants. | |

## BACKGROUND OF THIS CASE

The plaintiff, a state prisoner, is confined at the Broad River Correctional Institution ("BRCI") in Columbia, South Carolina. The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against the Director of the South Carolina Department of Corrections ("SCDC"), the Branch Chief of Policy Development, and the Warden of BRCI.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action concerns SCDC's policy concerning security threat groups or "STG's." Plaintiff seeks a copy of SCDC's policy as it pertains to security threat groups. SCDC has told Plaintiff this is classified information, and has allegedly refused his request for a copy of the policy. Plaintiff is currently challenging his STG classification in another case pending in this court. *See Rivera v. Long*, Civil Action No. 8:12-00233-JMC-JDA (D.S.C. 2012). A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

1

In his prayer for relief, the plaintiff states that he is seeking "...to have the Defendants to pay me $10,000 in compensatory damages, $10,000 in punitive damages, and to order them to show me policy/procedure op-21.01 'security threat group' which governs me." Complaint at 8.

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As noted above, the above-captioned is the second case filed by the plaintiff concerning his classification as a member of a security threat group. *See* Complaint in *Rivera v. Long*, Civil Action No. 8:12-00233-JMC-JDA (D.S.C. 2012). In an order filed in Civil Action No. 8:12-00233-JMC-JDA on March 12, 2012, the undersigned authorized service of process and directed the defendants to file an answer (ECF No. 22).

Additionally, Plaintiff filed a "Motion For An Order Compelling Discovery" in that matter, wherein he specifically sought "[a]ny and all rules, regulations, and policies of SCDC about security threat group prisoners housed in SMU. - The STG policy OP-21.01 in which the Plaintiff cannot receive." *Rivera v. Long*, Civil Action No. 8:12-00233-JMC-JDA (D.S.C. 2012)(ECF No. 43).

3

Consequently, the complaint in the above-captioned case is subject to summary dismissal because it is duplicative of portions of the pending complaint filed in Civil Action No. 8:12-00233-JMC-JDA. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, 425 F.2d at 1296.

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

s/Jacquelyn D. Austin
United States Magistrate Judge

September 6, 2012
Greenville, South Carolina

***The plaintiff's attention is directed to the important Notice on the next page.***

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).