**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Kenneth Syncere Rivera, | ) | |
| a/k/a Kenneth Rivera, | ) | |
| | ) | Civil Action No. 8:12-cv-02218-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| William R. Byars, Jr., Agency Director; | ) | |
| Sandra S. Bowie, Branch Chief Policy | ) | |
| Development; Robert Stevenson, III, | ) | |
| Warden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 12), filed September 6, 2012, recommending the court summarily dismiss *pro se* Plaintiff Kenneth Syncere Rivera's ("Plaintiff") § 1983 claim against Defendants William R. Byars, Jr., Sandra S. Bowie, and Robert Stevenson, III (collectively referred to as "Defendants") challenging the denial of his request to receive a copy of the South Carolina Department of Corrections ("SCDC") policy concerning his custodial classification. Plaintiff has filed his complaint pursuant to the *in forma pauperis* statute 28 U.S.C. § 1915. For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** Plaintiff's complaint with prejudice and without issuance and service of process.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this

summary as its own. However, a brief recitation of the procedural background in this case is warranted.

At the time of Plaintiff's filings in the instant case, he was incarcerated in the Broad River Correctional Institution ("BRCI"), a facility managed by SCDC. (ECF No. 14 at 1). Plaintiff was classified as belonging to a security threat group ("STG"). *Id.*

Plaintiff filed a previous action against BRCI prison officials on July 27, 2012, claiming that legal mail, personal mail, books, and other personal materials were taken from him in violation of his constitutional rights. *Rivera v. Long,* Civil Action No. 8:12-00233-JMC-JDA (D.S.C. 2012) (ECF No. 1). Plaintiff filed a motion to compel discovery in that case on August 8, 2012, in which he specifically requested, "[a]ny and all rules, regulations, and policies of SCDC about Security Threat Group Prisoners housed in SMU – this includes Policy/Procedure OP-21.01 'Security Threat Group'." (ECF No. 60 (Civil Action No. 8:12-00233-JDC-JDA)). The prison officials then moved for a protective order on August 22, 2012, contending that "disclosing the contents of the [STG] policy to Plaintiff would but [sic] the security of SCDC in jeopardy." (ECF No. 75 at 3 (Civil Action No. 8:12-00233-JDC-JDA)). On September 6, 2012, the magistrate judge granted the motion for a protective order agreeing that "the revelation of this procedure to Plaintiff or other inmates would jeopardize the security of the institution." (ECF No. 92 (Civil Action No. 8:12-00233-JDC-JDA) (internal quotations and citation omitted)).

Plaintiff filed the instant action on August 7, 2012 (ECF No. 1), while his previous case was still pending. In this case, Plaintiff alleges Defendants violated the Universal Declaration of Human Rights as well as the Fifth and Fourteenth Amendments by denying his request for a copy of the Security Threat Group Policy OP 21.01. (ECF No. 1 at 3, 6). Plaintiff requests that

the court declare his rights have been violated, issue an injunction ordering Defendants to provide him with a copy of the policy, and order punitive damages. *Id.* at 6-7.

The magistrate judge issued the Report on September 6, 2012, recommending that the court summarily dismiss Plaintiff's complaint in the instant case as duplicative of the complaint that was pending in Civil Action No. 8:12-00233-JMC-JDA. (ECF No. 12). On September 7, 2012, Plaintiff filed Objections to the Report ("Objections") (ECF No. 14) arguing that the instant complaint was not duplicative. Plaintiff contends that in his previous action he was challenging the allegedly unconstitutional search and seizure of his property under the First and Fourth Amendment; whereas, in this action, Plaintiff claims a violation of the Fourteenth Amendment based on Defendant's refusal to disclose the STG policy. *Id.* at 1-2.

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). In the absence of specific objections to the

magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

In light of the cases cited by Plaintiff, (*see* ECF No. 14 at 2), the court construes his Fourteenth Amendment claim to be an allegation of a procedural due process violation. Such claims are analyzed under a two-step framework. First, Plaintiff must establish that "there exists a liberty or property interest which has been interfered with by the State". *Henderson v. Simms,* 223 F.3d 267 (4th Cir. 2000) (quoting *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 460 (1989)). Second, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.*

The court finds that Plaintiff fails at step one of the procedural due process analysis. Plaintiff has not clearly indicated any deprivation from Defendant's refusal to provide him a copy of the STG policy. To the extent Plaintiff challenges his STG designation or his custodial classification as a result of the STG policy, the court considers that he may be attempting to assert the deprivation of a liberty interest. However, the federal constitution "vests no liberty interest in inmates in retaining or receiving any particular security or custody status as long as the challenged conditions or degree of confinement is within the sentence imposed and is not otherwise violative of the Constitution." *Slezak v. Evatt,* 21 F.3d 590, 594 (4th Cir. 1994). Placement in administrative segregation is not considered "an atypical or significant hardship in

relation to the ordinary incidents of prison life" and thus, does not entitle Plaintiff to due process protections. *McNeil v. Currie,* 84 F. App'x 276, 277 (4th Cir. 2003); *See Berrier v. Allen,* 951 F.2d 622 (4th Cir. 1991). The state of South Carolina likewise declines to recognize a liberty interest in the custodial status of prisoners. *Id.* at 595; *See Sandin v. Conner,* 515 U.S. 472, 483-84 (1995) ("[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause."). Given the failure of Plaintiff to identify a deprivation recognized by law, Plaintiff's due process claim has no merit.

In his Objections, Plaintiff cites four cases from the 1970s decided by several district courts. (ECF No. 14). These cases stand for the proposition that prisoners have a right to notice of the rules governing their conduct prior to being exposed to discipline under prison rules. *See Duckett v. Ward,* 458 F. Supp. 624 (S.D.N.Y. 1978); *Moore v. Janing,* 427 F. Supp. 567 (D. Neb. 1976); *Martinez Rodriguez v. Jimenez,* 409 F. Supp. 582 (D.P.R. 1976), *aff'd,* 551 F.2d 877 (1st Cir. 1977); *Jones v. Wittenberg*, 330 F. Supp. 707 (1971), *aff'd sub nom. Jones v. Metzger,* 456 F.2d 854 (6th Cir. 1972). Because these cases do not impact the court's finding at step one of the due process analysis, the court need not address Plaintiff's arguments regarding the adequacy of his disciplinary procedures.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 12), although for differing reasons given Plaintiff's Objections. Plaintiff's complaint is therefore **DISMISSED** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

October 24, 2013
Greenville, South Carolina